RECORD NO. 14-1393

IN THE

# 𝕴𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

## FOR THE FOURTH CIRCUIT

In re: JOHN WADE BELL; ANN TATE BELL,

-------------------------------------

*Debtors,*

ANN TATE BELL;
JOHN WADE BELL,

*Debtors-Appellants,*

v.

RBS, INC.;
UNITED BANK, INC.,

*Defendants-Appellees,*

U.S. TRUSTEE,

*Trustee.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT BECKLEY

**OPENING BRIEF OF APPELLANTS**

Andrew S. Nason
PEPPER & NASON
8 Hale Street
Charleston, WV 25301
(304) 346-0361
andyn@peppernason.com

*Counsel for Appellant*s
*Ann T. Bell & John W. Bell*

**LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia  23219 (804) 644-0477**
**A Division of Lantagne Duplicating Services**

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. **14-1393**    Caption: **RBS, Inc. v. John Bell**

Pursuant to FRAP 26.1 and Local Rule 26.1,

**John Wade Bell and Ann Tate Bell**

(name of party/amicus)

_____

who is **Appellants**_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.  Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☒ NO

2.  Does party/amicus have any parent corporations?                    ☐ YES ☒ NO
    If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.  Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                     ☐ YES ☒ NO
    If yes, identify all such owners:

4.   Is there any other publicly held corporation or other publicly held entity that has a direct
     financial interest in the outcome of the litigation (Local Rule 26.1(b))?    ☐YES☒NO
     If yes, identify entity and nature of interest:

5.   Is party a trade association? (amici curiae do not complete this question)   ☐YES☒NO
     If yes, identify any publicly held member whose stock or equity value could be affected
     substantially by the outcome of the proceeding or whose claims the trade association is
     pursuing in a representative capacity, or state that there is no such member:

6.   Does this case arise out of a bankruptcy proceeding?                        ☒YES☐NO
     If yes, identify any trustee and the members of any creditors' committee:

Debra a. Wertman, U.S. Trustee

Signature: _____          Date: __4/28/14__

Counsel for: John and Ann Bell

## CERTIFICATE OF SERVICE
***************************

I certify that on April 25 2014   the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

William C. Ballard
Jackson Kelly PLLC
P.O. Box 553
Charleston, WV 25322

Richard M. Francis
Bowles Rice LLP
P.O. Box 1386
Charleston, WV 25325

_____
(signature)

__4/28/14__
(date)

- 2 -

# TABLE OF CONTENTS

<u>Page</u>

CORPORATE DISCLOSURE

TABLE OF AUTHORITIES ................................................................... ii

JURISDICTIONAL STATEMENT ......................................................1

STATEMENT OF ISSUE PRESENTED FOR REVIEW .......................................2

STATEMENT OF THE CASE.................................................................2

SUMMARY OF ARGUMENT ...........................................................5

ARGUMENT ..................................................................................8

  I.    STANDARD OF REVIEW..........................................................8

  II.   THE BANKRUPTCY COURT WAS CORRECT IN DENYING RELIEF FROM THE AUTOMATIC STAY BECAUSE THE FORECLOSURE SALE WAS INCOMPLETE AT THE TIME THE APPELLEE'S FILED THEIR BANKRUPTCY PETITION AND BECAUSE A TRUSTEE IN BANKRUPTCY HAS THE STATUS OF A BONA FIDE PURCHASER FOR VALUE. ........................................8

      A.    Since there was no document evidence of the foreclosure sale recorded prior to the bankruptcy filing, the Bankruptcy Court was correct in denying the Motion for Stay Relief ..............................9

      B.    The Trustee in a bankruptcy has the status of a bona fide purchaser for value, making the Bankruptcy Court's denial of the Motion for Stay Relief appropriate ...............................................11

  III.  THE BANKRUPTCY COURT WAS CORRECT IN DENYING UNITED BANK INC.'S MOTION TO LIFT STAY BECAUSE APPELLEE R.B.S.'S BID FAILED TO MEET THE TERMS NOTICED BY THE TRUSTEE IN THE NOTICE OF SALE....................15

IV.   THE BANKRUPTCY COURT WAS CORRECT IN DENYING UNITIED BANK, INC.'S MOTION TO LIFT STAY BECAUSE THE DEBTORS RETAINED AN EQUITABLE INTEREST IN THE SUBJECT PROPERTY AND THE SAME HAD NOT TRANSFERRED TO THE BUYER ............................................................17

V.    THE BANKRUPTCY COURT WAS CORRECT IN DENYING THE MOTION FOR STAY RELIEF BECAUSE BANKRUPTCY RULE 7001(2) REQUIRES THE FILING OF AN ADVERSARY PROCEEDING TO DETERMINE THE VALIDITY OF AN INTEREST IN PROPERTY AND SUCH AN ADVERSARY PROCEEDING WAS FILED BY THE APPELLANTS AND IS PENDING BEFORE THE BANKRUPTCY COURT .................................20

VI.   JUDGE BERGER MISAPPLIED THE WEST VIRGINIA SUPREME COURT'S RULING IN HARPER V. SMITH IN REVERSING THE DECISION OF THE BANKRUPTCY COURT ..........21

CONCLUSION .........................................................................................23

CERTIFICATE OF COMPLIANCE .......................................................24

CERTIFICATE OF SERVICE .................................................................25

# TABLE OF AUTHORITIES

## CASES

*Atkinson v. Washing & Jefferson College*,
    54 W. Va. 32 (W.Va. 1903) ............................................................................12

*In re Bardell*,
    374 B.R. 588 (N.D. W.Va. 2007) ......................................................10, 14, 19

*Cen-Pen Corp. v. Hanson*,
    58 F.3d 89 (4th Cir. 1995) .............................................................................20

*In re Coleman*,
    426 F.3d 719 (4th Cir. 2005) .......................................................................8, 11

*In re Crager*,
    691 F.3d 671 (5th Cir. 2012) ...........................................................................1

*Davis v. Fowler*,
    504 F. Supp. 502 (D. Md. 1980).....................................................................20

*In re Eastman Kodak Co.*, No.
    12-10202, 2012 WL 2255719 (Bankr. S.D.N.Y. 2012) .................................20

*Harper v. Smith*,
    753 S.E.2d 612 (W.Va. 2012) ..........................................................21, 22, 23

*In re Mayway Corp.*,
    27 F.3d 980 (4th Cir. 1995) .............................................................................8

*Safety Kleen, Inc. (Pinewood) v. Wyche*,
    274 F.3d 846 (4th Cir. 2001) ...........................................................................1

*Schlossberg v. Barney*,
    380 F.3d 174 (4th Cir. 2006) ...........................................................................8

*In re Smith*,
    155 B.R. 145 (Bankr. S.D. W.Va. 1993)..............................................9, 10, 18

iii

*Smith v. Bell*,
    129 W. Va. 749 (W.Va. 1947) ........................................................................16

*South Penn Oil Co. v. Bluecreek Development Co.*,
    77 W. Va. 682 (W.Va. 1916) .........................................................................13

*Matter of Tape City, U.S.A., Inc.*,
    677 F.2d 401 (5th Cir. 1982) ...........................................................................8

*Walker v. Boggess*,
    41 W. Va. 588 (W.Va. 1895) .......................................................................9, 18

*In re Williams*,
    213 W. Va. 780 (W.Va. 2003) ......................................................................14

*Wolff v. McDonnell*,
    418 U.S. 539 (1974) ......................................................................................20

## STATUTES

11 U.S.C. § 362 ................................................................................2, 4, 5, 11, 23
11 U.S.C. § 542(c)(3) ......................................................................................9
11 U.S.C. § 544(a)(3) ............................................... 2, 6, 11, 12, 15, 19, 20
11 U.S.C. § 1107(a) ...................................................................................8, 11
28 U.S.C. § 158(a)(1) ...................................................................................1, 2
28 U.S.C. § 158(d) ............................................................................................1
28 U.S.C. § 158(d)(1) .......................................................................................1
Bankruptcy Code § 544 ..................................................................................11

## RULES

Fed. R. App. P. 4(a)(1) ......................................................................................1
Fed. R. Bank. P. 7001(2) ........................................................................2, 7, 20

## JURISDICTIONAL STATEMENT

The decision on appeal is a *Memorandum Opinion and Order* entered by the United States District Court for the Southern District of West Virginia which overturned an "Order Denying Stay Relief" entered by the United States Bankruptcy Court for the Southern District of West Virginia. The District Court's jurisdiction to review a final order of the bankruptcy court was based upon 28 U.S.C. § 158(a)(1). The Fourth Circuit has held that orders denying relief from the automatic stay are final, appealable orders. *Safety Kleen, Inc. (Pinewood) v. Wyche,* 274 F.3d 846, 864 (4th Cir. 2001).

As this is an appeal from a final order of the United States District Court, this Court has jurisdiction pursuant to 28 U.S.C. § 158(d)(1). The appeal involves a discrete dispute within the larger bankruptcy case, and the district court's ruling may be deemed a final order for purposes of 28 U.S.C. § 158(d). *In re Crager*, 691 F.3d 671, 675 (5th Cir. 2012).

The district court's *Memorandum Opinion and Order* was entered on March 26, 2014. (See Appendix p. 248). The appellants timely filed their notice of appeal on April 22, 2014 within thirty days after entry of the order as required by *Federal Rules of Appellate Procedure* Rule 4(a)(1). (See Appendix pp. 22-24).

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

I.      Whether the Bankruptcy Court correctly denied stay relief to a lender who conducted a foreclosure sale in the morning but failed to record a Notice of Sale prior to a Chapter 7 being filed in the afternoon where 11 U.S.C. § 544(a)(3) provides that the bankruptcy trustee takes as a bonafide purchaser for value.

II.     Whether the Bankruptcy Court was correct in denying United Bank, Inc.'s Motion to Lift Stay, when the Appellee R.B.S., Inc.'s bid failed to meet the terms noticed by the Trustee in the notice of foreclosure sale.

III.    Whether the Bankruptcy Court was correct in denying United Bank, Inc.'s Motion to Lift Stay, in finding that the Debtor retained an equitable interest in the subject property that had not transferred to the buyer.

IV.     Whether the Bankruptcy Court was correct in denying the Motion for Stay Relief, when Bankruptcy Rule 7001(2) requires the filing of an adversary proceeding to determine the validity of an interest in property when such an adversary proceeding was filed by the Appellant and is pending before the Bankruptcy Court.

V.      Whether Judge Berger Misapplied the West Virginia Supreme Court's Ruling in Harper v. Smith in Reversing the decision of the Bankruptcy Court.


## STATEMENT OF THE CASE

This matter arises from an "Order Denying Stay Relief" entered by the United States Bankruptcy Court for the Southern District of West Virginia denying a motion by United Bank, Inc. for relief from the automatic stay of 11 U.S.C. § 362. (See Appendix p. 162). Appeal from that order was taken by R.B.S., Inc., Appellee herein, to the United States District Court for the Southern District of West Virginia. Jurisdiction for that appeal was founded upon 28 U.S.C. § 158(a)(1). (Appendix p. 26)

2

The Appellant John Wade Bell has been a leading builder in the Greenbrier Valley since 1973. He has pioneered green building procedures in the area. His preservation and collection of fine reusable materials include lumber for flooring, paneling and molding. Acquisition of reclaimed materials and salvage of native woods is ongoing.

Mr. Bell in 1985 established his cabinet shop, Allegheny Woodworks, in Caldwell, Greenbrier County, West Virginia in an old converted train station that is the subject-matter of this appeal. (Appendix p. 77). The shop has been in continuous operation since then, employing between five and fifteen craftsmen. Many improvements have been made to the old train station in converting it to the Debtors' shop, including the addition of additional structures, a three-phase electrical service ($80,000.00), extensive ventilation systems and specialized wood drying racks. These improvements have been essential to the operation of Allegheny Woodworks.

On or about July 11, 2006, the John Bell Company, Inc., (hereinafter Bell Co.) the corporate owner of Allegheny Woodworks, executed a promissory note in favor of United National Bank, whereby Bell Co. borrowed roughly $324,600.00 from United. (Appendix p. 43). The note was secured by a deed of trust which is of record with the Clerk of the County Commission of Greenbrier County, West

3

Virginia at Trust Deed Book 587 at page 536. Both Appellants have executed a personal guaranty of the obligation to United. The note was later refinanced once.

Bell Co. defaulted on its obligations to repay the note with United Bank. United then appointed James W. Lane as successor trustee of the deed of trust and Mr. Lane sent a notice of default and right to cure to Bell Co. and the Appellants on October 16, 2012. A foreclosure was originally set for October 16, 2012, but due to a defect in the notice, a new notice was issued setting a foreclosure sale for November 2, 2012. By then the note had been paid down to a principal balance of $192,035.63 plus unpaid interest of $7,658.70 for a total payoff of $199,694.35. (Appendix p. 35). The terms of that sale specified that "[t]he property will be sold for **cash in hand** on the date of sale to the highest bidder." (emphasis added). (Appendix p. 87-88) The Appellants' counsel informed James Lane that the Bells' would be filing a bankruptcy petition. (Appendix p. 78). Nonetheless, on November 2, 2012 at 10:30 A.M. a foreclosure sale was conducted and Appellee R.B.S., Inc. submitted the winning bid of $255,000.00. However, R.B.S., Inc. only paid $25,000.00 down at the time of the bid. (Appendix p. 36 and p.78).

At approximately 4:00 P.M. that same day the Appellants/Debtors filed for relief under Title 11 of the United States Code (the "Bankruptcy Code"), thus invoking the automatic stay of 11 U.S.C. § 362. (Appendix p. 36 and p. 78). The bankruptcy petition was filed and the automatic stay was in effect before any

4

recordation memorializing the foreclosure sale was filed with the Clerk of the County Commission of Greenbrier County, West Virginia. (Appendix p. 79).

United National Bank filed a motion to lift the stay imposed by 11 U.S.C. § 362 on November 8, 2012. (Appendix p. 34). Additionally, appellants filed an adversary proceeding pursuant to Bankruptcy Rule 7001(2), seeking to determine the parties' interest in the subject property. (Appendix p. 176, p. 179 and p. 185). This adversary proceeding has been stayed pending disposition of the appeal. On August 7, 2013 the Appellants converted their bankruptcy case from a Chapter 7 proceeding to a Chapter 11 bankruptcy proceeding. (Appendix p. 159).

On August 23, 2013, the United States Bankruptcy Court denied stay relief. (Appendix p. 162). The Appellee appealed to the United States District Court, which reversed the Bankruptcy Court by its *Memorandum Opinion and Order* entered on March 26, 2014. The Appellant/Debtors now timely appeal that order to this Court.

## SUMMARY OF ARGUMENT

The United States Circuit Court of Appeals for the Fourth Circuit should reverse the ruling of the United States District Court for the Southern District of West Virginia and uphold the ruling of the United States Bankruptcy Court for the Southern District of West Virginia because the Appellee's position fails to meet the provisions of the Bankruptcy Code and fails to comply with due process standards.

The district court's opinion ignores both Bankruptcy Code concepts as well as a basic principle of West Virginia property law. West Virginia is a race/notice state. Recording with the Clerk of the County Commission of the county wherein the real property is situated is a requirement to give notice to the world of a transfer of property. It is uncontested that there was no recording of any document putting anyone on notice that Appellant's interest in the subject property had been transferred.

Bankruptcy Code provision 11 U.S.C. § 544(a)(3) gives a trustee in bankruptcy - here, a Chapter 11 debtor has the powers of a trustee - the status of bona fide purchaser for value of all the bankruptcy estate's property. The lack of filing with the Clerk's office provides no notice to that trustee of a transfer of the subject real property. Therefore, the trustee's interest in the property as a bona fide purchaser for value is superior to the Appellee. The Appellee's interest in the property failed, and denial of stay relief was proper.

Due process principles must be respected before a person's property can be taken. This basic principle of law dates back to the Magna Carta. West Virginia is a non-judicial foreclosure state. The West Virginia Supreme Court has held that due process is satisfied in a non-judicial statutory foreclosure so long as there is notice of the time and place of the foreclosure sale and the contractual agreements between the debtor and creditor recited in the deed of trust and deed of trust note

are followed. This includes following all court precedents in effect when the documents are signed, as well as complying with all provisions of the foreclosure notice. Here, the foreclosure notice published by the Trustee state that the purchase price was due in full at the point in time of the sale. The Appellee's offer was as follows: $255,000 with payment of $25,000.00 at the time of the foreclosure sale, with the balance paid of the offer to be paid at the time of closing. The sale notice required payment in full at point of sale; the Appellee's offer did not match as they offered an amount down with full payment at a later closing. The sale was therefore improper.

The Bankruptcy Rules further provide, in Bankruptcy Rule 7001, that in order to judicially determine an interest in property, an adversary proceeding - a lawsuit within the bankruptcy - must be filed. That provides the due process of a summons and complaint, and the ability to answer, defendant, and engage all of the procedural safeguards of the litigation process. Appellants have engaged that process by filing an adversary proceeding. A motion for stay relief where title to property is at issue does not provide all of those procedural safeguards required, and the denial of stay relief was proper.

## ARGUMENT

### I.      STANDARD OF REVIEW

When reviewing a decision by a district court sitting as an appellate court in bankruptcy matters,  the same standard of review that the district court utilized is applied.    *Schlossberg v. Barney*, 380 F.3d 174, 178 (4th Cir. 2006).    Legal conclusions are reviewed de novo, but findings of fact will only be set aside if clearly erroneous.  *Id.*

### II.      THE BANKRUPTCY COURT WAS CORRECT IN DENYING RELIEF FROM THE AUTOMATIC STAY BECAUSE THE FORECLOSURE SALE WAS INCOMPLETE AT THE TIME THE APPELLEE'S FILED THEIR BANKRUPTCY PETITION AND BECAUSE A TRUSTEE IN BANKRUPTCY HAS THE STATUS OF A BONA FIDE PURCHASER FOR VALUE.

The Bankruptcy Court was correct in finding that the Motion for Stay Relief should be denied because the real property in question had been subject to a foreclosure sale that resulted in R.B.S., Inc. making an unrecorded pre-petition filing bid to purchase the subject property, and because a Chapter 11 debtor has the same powers as a Chapter 7 trustee.  11 U.S.C. § 1107(a); *see also In re Mayway Corp.*, 27 F.3d 980 (4th Cir. 1995); *In re Coleman*, 426 F.3d 719 (4th Cir. 2005); *Matter of Tape City, U.S.A., Inc.*, 677 F.2d 401 (5th Cir. 1982).

Because a trustee in bankruptcy has the status as a bona fide purchaser for value, and because West Virginia is a race-notice state, the unrecorded foreclosure document did not affect a transfer of the debtor's interest in property superior to the

trustee's interest. The case law in the Southern District of West Virginia at the time of the Appellant/Debtors' bankruptcy filing held that foreclosure sales are incomplete until there is a document recorded with the Clerk of Court at the County Courthouse. See *In re Smith*, 155 B.R. 145 (Bankr. S.D. W.Va. 1993). In this case, there was no document of record transferring any interest in the debtors' property or detailing a foreclosure sale recorded prior to debtors' bankruptcy filing. Therefore, the Appellant/Debtors' bankruptcy estate had an interest in the property that was superior to R.B.S., Inc.'s interest in the property. The trustee of the bankruptcy estate holds the status of a bona fide purchaser for value and has the ability to avoid any interest of R.B.S., Inc.'s interest in the property. 11 U.S.C. § 542(c)(3).

**A.** **Since there was no document evidence of the foreclosure sale recorded prior to the bankruptcy filing, the Bankruptcy Court was correct in denying the Motion for Stay Relief.**

The Bankruptcy Court was correct in denying the Motion for Stay Relief because there was no document evidence of the foreclosure sale prior to Appellant/Debtors' bankruptcy filing. A foreclosure sale is incomplete until there is a document recording of the foreclosure sale. In West Virginia, the case law existing at the execution of a deed of trust becomes part of the contract. *Walker v. Boggess*, 41 W. Va. 588 (W.Va. 1895). The case law in the Southern District of West Virginia at the time of the Appellant/Debtors' bankruptcy filing was that a

9

foreclosure sale under state law is not complete until there is some document recording with the Clerk of Court at the County Courthouse where the property is situate verifying a sale. *Smith*, 155 B.R. at 145.

United National Bank's motion to modify the bankruptcy stay on the subject real estate included a copy of the Deed of Trust in question. The original deed of trust was recorded with the Clerk of the County Commission of Greenbrier County, West Virginia on July 12, 2006. That deed of trust was executed prior to the ruling in *Bardell*[1] which was dated August 10, 2007. The existing case law at the time of the deed of trust's execution in the Southern District of West Virginia was *In re Smith*, 155 B.R. 145. In that decision, a foreclosure sale under West Virginia law was no complete until there was a recording with the Clerk of the Court at the County Courthouse where the property was situate. *Id.* Some document evidencing the sale was required to inform the public of the transfer of title. *Id.*

In this case, there was no recording with the Clerk of the County Commission of Greenbrier County, West Virginia evidencing a foreclosure sale. Because there was no recording prior to the Appellant/Debtors' bankruptcy filing, the incomplete foreclosure sale was stayed by operation of bankruptcy law.  11

---

[1] In *In re Bardell*, 374 B.R. 588 (N.D. W.Va. 2007), the Fourth Circuit affirmed in an unpublished, non-binding precedential decision dated August 10, 2007.

U.S.C. § 362, and the Bankruptcy Court was correct in denying the Motion for Stay Relief.

**B. The Trustee in a bankruptcy has the status of a bona fide purchaser for value, making the Bankruptcy Court's denial of the Motion for Stay Relief appropriate.**

Since the Trustee in a bankruptcy case has the status of a bona fide purchaser for value, and since a debtor-in-possession has all the rights and powers of the trustee, in this case the Bankruptcy Court was correct in denying the Motion for Stay Relief. A debtor-in-possession in a Chapter 11 case have all the rights and powers of a trustee serving in a case under Chapter 7. 11 U.S.C. § 1107(a); See also *In re Coleman,* 426 F.3d 719, 725 (4th Cir. 2005) (stating that a debtor-in-possession possesses all of the rights of a bankruptcy trustee, and bankruptcy trustees are authorized to avoid liens and transfers under certain circumstances as per Bankruptcy Code § 544). Under 11 U.S.C. § 544(a)(3), the trustee, or in this instance the debtor-in-possession, has the power to avoid any transfer that may occur subsequent to a foreclosure sale. The trustee in bankruptcy has the rights of a bona fide purchaser for value, and can avoid any transfer of real property that is voidable by such a purchaser. Section 544(a)(3) reads:

> The trustee shall have, as of the commencement of the case, and without regard to any knowledge of the trustee or of a creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by -

11

> A bona fide purchaser of real property, other than
> fixtures, from the debtor, against whom applicable law
> permits such transfer to be perfected, that obtained the
> status of a bona fide purchaser at the time of the
> commencement of the case, whether or not such a
> purchaser exists [and has perfected such transfer].

At the time the subject foreclosure sale took place, the law in the State of West Virginia with regard to foreclosure sales was that while the acceptance of a bid and the making of a memorandum thereof constitutes a complete contract of sale, the contract does not confer title upon the purchase because only a deed confers title. See *Atkinson v. Washing & Jefferson College*, 54 W.Va. 32, 40 (W.Va. 1903).

A debtor-in-possession thus charged with the powers granted under 11 U.S.C. § 544(a)(3), among others, may avoid the subject transfer because the debtor-in-possession stands as a bona fide purchaser and could have purchased the subject property, for the benefit of the bankruptcy estate, and thus would have superior right to the subject property than the Appellee who merely has an unrecorded contract of sale. Prior to filing any documents concerning the foreclosure sale with the Clerk of the County Commission of Greenbrier County, West Virginia, Appellants/Debtors filed for bankruptcy protection which effectively prevented the foreclosure sale from being fully consummated.

It is submitted that that is why the Motion for Stay Relief was filed. At the time the Appellants/Debtors filed their petition in bankruptcy, there was nothing

filed with the Clerk of the County Commission of Greenbrier County, West Virginia evidencing a sale. Therefore, the bankruptcy trustee had no notice of any transfer of an interest in the property.

The Memorandum of Sale from the foreclosure sale was not recorded with the Clerk of the County Commission of Greenbrier County, West Virginia. The Memorandum of Sale was never filed. The Memorandum of Sale that was attached to the pleadings and made a part of the record on appeal is an unrecorded document. There are not recording stamp by the Greenbrier County Clerk.

In West Virginia, a second purchaser must not have notice, either actual or constructive, of a prior right to a property to acquire a superior interest in the property when there exists a conflicting interest in land, making West Virginia a race/notice state. See *South Penn Oil Co. v. Bluecreek Development Co.*, 77 W.Va. 682 (W.Va. 1916). A deed that is both unsigned and not duly acknowledged, but recorded, does not constitute a prior filing, and when there is a conflicting interest in land, the second purchaser who recorded his deed has a superior interest in the property. *Id.* Though the first party to the courthouse who records his deed gives notice to the world of his superior interest in the property, unless the document was both recorded and properly acknowledged, the deed does not give actual or constructive notice of the party's right to the property. *Id.*

The Supreme Court of Appeals of West Virginia has addressed the question of whether the Trustee's avoiding position as a bona fide purchaser for value would prevail over an improperly recorded deed of trust. *In re Williams*, 213 W.Va. 780 (W.Va. 2003). In *In re Williams*, the deed of trust was improper because it was notarized by a Maryland notary who did not have the authority to acknowledge signatures in West Virginia. *Id*. Although the Court found that the deed of trust was not properly recorded, the Court determined it did provide notice, and unless there was some mischief caused by the party recording the document, there was sufficient notice to the bankruptcy trustee to prevent the bankruptcy trustee from claiming the trustee was a bona fide purchaser for value, and that the trustee had superior status to that of the deed of trust that was recorded with substantial blemishes. *Id.  In re Williams* is distinguishable from this case because here no document was recorded at all. There was no notice by recording of even an improperly recorded document that the sale of the property had taken place, and there was no document recorded to give notice to other parties, including a trustee, that the Appellee had an interest in the subject property.

The Northern District of West Virginia held in *In re Bardell* that, under West Virginia law, a bankruptcy debtor had no interest in his property after a pre-petition foreclosure sale, even though the deed was not recorded pre-petition. *In re Bardell*, 374 B.R. 588, 594 (N.D.W. Va. 2007). In that case Judge Flatley notes

two pertinent distinguishing facts.  First, the in the section titled "I. Background" Judge Flatley notes the creditor conducted a foreclosure sale in accordance with West Virginia law.  The debtors have contested whether the foreclosure sale was correct in this case as noted in footnotes 9 and 11 of Judge Berger's opinion. Second, *Bardell* involved a Chapter 13 proceeding.  Judge Flatley noted in his decision granting stay relief that the Chapter 13 Trustee declined to exercise any 11 U.S.C. § 544(a)(3) avoiding powers.  However, Judge Pearson opined that an unpublished opinion in the ruling from the Northern District in *In re Bardell* was the product of either flawed or incomplete reasoning, and further wrote that the *Bardell, supra* case does not address the statutory provision set forth in 11 U.S.C. § 544(a)(3).  Here, the Appellant as a Chapter 11 debtor-in-possession possesses the trustee avoidance powers under 11 U.S.C. § 544(a)(3) and sought to use those powers.  In *Bardell* Judge Flatley found that section was not at issue.

### III.   THE BANKRUPTCY COURT WAS CORRECT IN DENYING UNITED BANK INC.'S MOTION TO LIFT STAY BECAUSE APPELLEE R.B.S.'S BID FAILED TO MEET THE TERMS NOTICED BY THE TRUSTEE IN THE NOTICE OF SALE.

The Bankruptcy Court was correct in denying United Bank Inc.'s Motion to Lift Stay because R.B.S.'s bid failed to meet the terms noticed by the deed of trust trustee's Notice of Sale.  A sale by a trustee must conform to the requirements of the deed of trust and the Notice of Sale, and due process is satisfied in a non-judicial statutory foreclosure so long as there is notice and the contractual

15

agreements between the mortgagor and mortgagee recited in the deed of trust and deed of trust note are followed. See *Smith v. Bell*, 129 W.Va. 749, 755-59 (W.Va. 1947) (holding that a sale of land made in exercise of a power to sell contained in a deed of trust must be strictly in accordance with the power conferred and conditions imposed on its exercise). This includes following all court precedents in effect when the documents are signed, as well as complying with all provisions of the foreclosure notice.

In this case in footnote 11 Judge Berger notes as follows:

> For example, the Debtor / Appellees argue in their brief that they did assert below, both in the adversary proceeding and in the answer to the motion to lift the stay "that the Memorandum of Sale was never filed. The Memorandum of Sale that was attached to the pleadings and made a part of [the] record here on appeal is an unrecorded document." The Court finds that this issue is not before it on appeal, and also notes that the Bankruptcy Court in its order denying stay relief noted that the "[overall bankruptcy] litigation raises numerous issues as to the trustee sale and those issues must be resolved in the related adversary proceeding." (Document 2-16 at 10).

However, that issue that the purported sale did not comply with the deed of trust because the proposed sale did not comply with the sale notice was raised before the Bankruptcy Court. The notice of sale stated that payment in full was required at the time of sale. However, the prospective purchaser, R.B.S., only paid down $25,000.00 to the trustee toward the purchase price. The sale notice and the

Appellee's offer did not match. Someone else could have bid if they knew a full price was not required at the point of sale and that only a partial bid subject to financing and a later closing would have been accepted.

Since R.B.S.'s payment offer was not consistent with the Notice of Sale, the sale was improper pursuant to the due process requirement under West Virginia law for a non-judicial sale and the Bankruptcy Court was correct in denying United Bank's Motion to Lift Stay. The Bankruptcy Court was correct in that without making an offer that is consistent with the sale notice the contractual terms between the debtor and the bank are not met by the offer the Appellee made to the foreclosing trustee an there is no sale.

Judge Berger's opinion failed to address this important flaw of the foreclosure sale in reversing the Bankruptcy Court's order, thus depriving the Appellant/Debtors of their due process rights under West Virginia law, even if the same is reserved for adjudication in the adversary proceeding.

## IV.   THE BANKRUPTCY COURT WAS CORRECT IN DENYING UNITIED BANK, INC.'S MOTION TO LIFT STAY BECAUSE THE DEBTORS RETAINED AN EQUITABLE INTEREST IN THE SUBJECT PROPERTY AND THE SAME HAD NOT TRANSFERRED TO THE BUYER.

The Bankruptcy Court was correct in denying United Bank, Inc.'s Motion to Lift Stay because it found that the Appellant/Debtors retained an equitable interest in the subject property and that the same had not transferred to the buyer. An

17

equitable interest in the subject property had not transferred to the buyer because the debtors' estate retained an interest in the property subject to the trustee's avoiding powers. The subject property had enterprise as well as equity value for the bankruptcy estate.

R.B.S., Inc. and United Bank, Inc. have argued that a decision from the Bankruptcy Court for the Northern District of West Virginia, appealed to the District Court for the Northern District of West Virginia and to the Fourth Circuit Court of Appeals, which affirmed in an unpublished, non-binding opinion, compels this Court to now find that the foreclosure sale was complete when the sale took place but before filing with the appropriate County Clerk. The first page of this Court's unpublished opinion notes that unpublished opinions are not binding in the Circuit, and the decision upholds an opinion from the United States District Court for the Northern District of West Virginia issued August 10, 2007. That opinion is not now binding on this Court. Case law as it existed at the execution of the deed of trust becomes a part of the contract in West Virginia. See *Walker*, 41 W.Va. at 588 (holding that case law existing when a deed of trust is executed becomes part of the contract), and *Smith*, 155 B.R. 145 (Holding that foreclosure sales are incomplete until there is a document recorded with the Clerk of Court the County Courthouse). The *Bardell* decision was issued prior to execution and recording of

the subject deed of trust and thus did not become part of that contract as prior case law did.

In *Bardell*, the Court reasoned that the actual foreclosure sale ended the opportunity for the debtor to claim an interest in the property.  The court did acknowledge that West Virginia is a race-notice state, that a trustee in bankruptcy has the status of a bona fide purchaser for value, and that there existed a superior claim to an unfiled claim.  *In re Bardell*, 374 B.R. 588, 590 (N.D.W. Va. 2007). The Court also stated that a Chapter 13 Trustee has the same power as a Chapter 7 Trustee and that a Chapter 7 Trustee could avoid the unfiled transfer.  *Id.*  Since the bankruptcy filing stopped the filing of the document of sale, the bankruptcy trustee still owned the right to avoid the transfer under 11 U.S.C. § 544(a)(3) to capture the value of the real property at the time of filing for the estate.  *Id*.  Because *Smith* was the existing law in the Southern District of West Virginia at the time the deed of trust in this case was executed, the foreclosure sale was not complete when the debtors filed their petition because there was no recording with the Clerk of the Court at the County Courthouse in Greenbrier County, and *Bardell* being a Northern District of West Virginia case was not binding on this case or this foreclosure at the time of the foreclosure.  Even if the debtors did not retain an equitable interest the debtors as debtors-in-possession possess avoidance powers

under 11 U.S.C. § 544(a)(3) and these Chapter 11 debtors sought to exercise those powers in the filed adversary proceeding.

**V.     THE BANKRUPTCY COURT WAS CORRECT IN DENYING THE MOTION FOR STAY RELIEF BECAUSE BANKRUPTCY RULE 7001(2) REQUIRES THE FILING OF AN ADVERSARY PROCEEDING TO DETERMINE THE VALIDITY OF AN INTEREST IN PROPERTY AND SUCH AN ADVERSARY PROCEEDING WAS FILED BY THE APPELLANTS AND IS PENDING BEFORE THE BANKRUPTCY COURT.**

The Bankruptcy Court was correct in denying the Motion for Stay Relief because Bankruptcy Rule 7001(2) expressly requires that an adversary proceeding be filed in order to determine the validity of an interest in property, and without such a proceeding the divesting property interests cannot be determined.  Fed. R. Bank. P. 7001(2); see also *In re Eastman Kodak Co.,* No. 12-10202, 2012 WL 2255719 (Bankr. S.D.N.Y. 2012); *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995).

Due process requires that a property interest not be divested without some kind of hearing, and the property hearing in this instance is an adversary proceeding.  See *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974); *Davis v. Fowler*, 504 F.Supp. 502, 506 (D. Md. 1980);  see also *Cen-Pen Corp.*, 58 F.3d at 93.

In this case, the Appellant/Debtors did file an adversary proceeding which is still pending before the Bankruptcy Court.  Since the adversary proceeding is

currently pending before the Bankruptcy Court, and due process requires an adversary proceeding in order to determine the validity of an interest in the property, the Bankruptcy Court was correct in denying the Motion for Stay Relief.

## VI. JUDGE BERGER MISAPPLIED THE WEST VIRGINIA SUPREME COURT'S RULING IN HARPER V. SMITH IN REVERSING THE DECISION OF THE BANKRUPTCY COURT.

It is respectfully submitted that Judge Berger misapplied the ruling of the West Virginia Supreme Court of Appeals in *Harper v. Smith*, 753 S.E.2d 612 (W.Va. 2012). She wrote that "[i]n pertinent part, *Harper* included facts similar to those seen here." She notes the foreclosure took place July 10, 2011, the bankruptcy was filed July 16, 2001, and the foreclosure deed was recorded October 1, 2001 "well after the Harpers filed their bankruptcy." There was a notice in the Harper's bankruptcy by the Chapter 7 Trustee dated September 7, 2001 of no assets, no distribution. The Trustee made no claim to the real estate. The Harpers as Chapter 7 debtors did not have the standing of a bona fide purchaser for value to assert that their claim to t he real property was superior to the winning bidder at the foreclosure sale. There were no allegations of a deficiency in the due process afforded during the foreclosure process. Ultimately there was no assertion that the filing of the documents to complete the foreclosure sale in October of 2001 violated the bankruptcy stay. In all likelihood such an assertion would not have been successful after the September 7, 2001 report of no assets and the Trustee's

evaluation there was no value in the property for the bankruptcy estate and the debtors had abandoned the property and had moved from Mingo County, West Virginia to Cabell County, West Virginia prior to the bankruptcy filing.

The *Harper* decision, *supra*, arose in the context of whether or not Mr. or Mrs. Harper or their heirs were entitled to notice of a sale under West Virginia's statutory procedure to collect delinquent real estate taxes. The delinquent sale process resulted in a deed to Marquis on January 18, 2008, some six and one-half years after the Harper's bankruptcy filing and then to Respondent Smith. During that time there had been no challenge to the foreclosure sale. The debtors had moved out of the home and relocated from Mingo County, West Virginia to Cabell County, West Virginia and made no attempt to purchase the property and paid no property taxes in 2003, 2004, 2005 or 2006 further evidencing no interest in the property. The *Harper* case was about the heirs of the debtors attempting to use a seven year old bankruptcy by their parents to assert an interest in real property (which the debtors had no asserted seven years previous) to require under a West Virginia statute to compel the purchaser at a tax sale to give them notice of an application for a tax deed. The West Virginia Supreme Court of Appeals merely ruled that without a challenge to that sale they deserved no notice. The Supreme Court wrote, "[i]n sum, Mr. Harper has failed to produce any evidence showing the existence of a genuine issue for trial with respect to the validity of the deed

22

obtained by the Bank of New York [in the foreclosure sale]." *Harper*, 753 S.E.2d 612, 615 (W.Va. 2012). The West Virginia Supreme Court did not rule that a foreclosure sale was fully complete prior to documents being filed and that a trustee in bankruptcy had no ability to set aside a sale when the bankruptcy was filed prior to the recordation of those documents. The West Virginia Supreme Court noted that the Chapter 7 debtor knew that the sale occurred prior to the bankruptcy filing but the Court did not rule as to the bankruptcy trustee.

## CONCLUSION

For the foregoing reasons, the decision of the District Court to reverse the decision of the Bankruptcy Court denying relief from the automatic stay of 11 U.S.C. § 362 should be reversed.

Dated the 1st day of July, 2014

/s/ Andrew S. Nason
Andrew S. Nason (WVSB #2707)
Pepper & Nason
8 Hale Street
Charleston, WV 25301
(304) 346-0361

23

<u>**CERTIFICATE OF COMPLIANCE**</u>

Counsel files this Certificate of Compliance pursuant to Federal Rule of Appellate Procedure 32(a)(7)(c) and certifies the following:

A. This brief complies with the typeface requirement of FRAP32(a)(5) because the brief has been set in proportional typeface of 14 point Times New Roman, prepared in Microsoft Word.

B. The length of this brief complies with FRAP 28.1(e) & 32(a)(7) because it does not exceed either 30 pages or 14,000 words.

    1. Specifically, the brief contains 5,709 words, excluding those portions as set forth in the rules.

Dated the 1st day of July, 2014

*/s/ Andrew S. Nason*

Andrew S. Nason (WVSB #2707)
Pepper & Nason
8 Hale Street
Charleston, WV 25301
(304) 346-0361

24

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies to the Court that on July 1, 2014, the foregoing

Opening Brief of Appellant was filed with the Clerk of Court using the CM/ECF

System, which will send the notice of such filing to the following users:

William C. Ballard                    Debra A. Wertman
JACKSON KELLY, PLLC                   Office of the U.S. Trustee
1600 Laidley Tower                    Suite 2025
500 Lee Street, East                  Robert C. Byrd U.S. Courthouse
P.O. Box 1386                         300 Virginia Street, East
Charleston, WV 25322                  Charleston, WV 25301
wcballard@jacksonkelly.com            debra.a.wertman@usdoj.gov
*Counsel for Appellee RBS, Inc.*      *Counsel for Trustee*

Richard M. Francis
BOWLES RICE, LLP
16th Floor
600 Quarrier Street
P.O. Box 1386
Charleston WV 25325
rfrancis@bowlesrice.com
*Counsel for Appellee United Bank, Inc.*

Dated the 1st day of July, 2014

*/s/ Andrew S. Nason*
Andrew S. Nason (WVSB #2707)
Pepper & Nason
8 Hale Street
Charleston, WV 25301
(304) 346-0361